UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN H. SCOTT, et al., | Case No.: 1:18-cv-00861 LJO JLT |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION FOR A CHANGE OF VENUE |
| v. | (Doc. 11) |
| JAYCO, INC., | |
| Defendant. | |

The plaintiffs purchased a new RV in Iowa and were provided a Limited Warranty, which contained a forum selection clause. Following the purchase, the plaintiffs' discovered the RV suffered from various defects and sought repairs covered by the warranty on many occasions. They have sued for damages and injunctive relief and raise claims under California's Unfair Competition Act and Consumer Legal Remedies Act, and under federal law provided by the Magnuson-Moss Warranty Act.

The defendant moves the Court to transfer the matter to Indiana as required by the forum selection clause. (Doc. 11) If granted, the defendant stipulates that the CLRA claim may go forward if the Indiana Court decides that it is viable despite that the plaintiffs—California residents—purchased the RV outside of California. Id. at 8. Based upon this stipulation, the defendant's motion for a change of venue is **GRANTED**.

**I.   Background**

In December 2016, the plaintiffs, who are California residents (Doc. 1 at 2), agreed to purchase

1

a new, 2017 Jayco Seneca RV (*Id*. at 4) online through RV One Superstores (Doc. 11-4 at 1-2; Doc. 11-5 at 1-2) The website required buyers to travel to one of five dealerships "to complete the transaction and take delivery of their motorhomes." *Id*.

The plaintiffs traveled to Des Moines, Iowa, to take possession of the RV. (Doc. 1 at 4; Doc. 11-4 at 2.) At the dealership, the plaintiffs signed the purchase contract. (Doc. 11-4 at 2) The RV came with a two-year, "bumper to hitch" warranty which promised to repair the vehicle during the warranty period. *Id*. The warranty reads,

> **LEGAL REMEDIES: THE COURTS WITHIN THE STATE OF MANUFACTURE, INDIANA, HAVE EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO ALLEGED BREACH OF WARRANTY OR REPRESENTATIONS OF ANY NATURE. THE LAWS GOVERNING ALL DISPUTES OR CLAIMS ARISING OUT OF THE SALE, PURCHASE OR USE OF THE MOTORHOME SHALL BE THOSE OF THE STATE OF MANUFACTURE, INDIANA. THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS. YOU MAY ALSO HAVE OTHER RIGHTS, WHICH VARY FROM STATE TO STATE AND PROVINCE TO PROVINCE.**

(Doc. 11-3 at 6-7, emphasis in the original) At the time he took possession of the RV, Mr. Scott signed the "Jayco Towable Customer Delivery Form," which reads, "I certify . . . that I have received, read and understand the Limited Warranty applicable to this product prior to purchase and I understand the terms thereof and the intended use of the product." (Doc. 11-4 at 8)

After purchasing the RV, the plaintiffs discovered that it suffered from numerous defects and repeatedly sought repairs covered by the limited warranty. (Doc. 1 at 5-13) Despite this, they contend the RV has continued to suffer "ongoing and recurring problems with fit and finish, and a myriad of mechanical issues." *Id*. at 12.

## II.     Legal Standard

In considering a motion to change venue, "[t]he presence of a forum-selection clause ... will be a significant factor that figures centrally in the district court's calculus." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). A valid forum-selection clause constitutes the parties' agreement as to the most proper forum. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). Thus, the "court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id*.

When a party seeks to defeat the forum-selection clause, that party bears the burden of demonstrating "that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine*, at 63. To defeat the clause, the party must demonstrate that enforcing it is unreasonable. The Court will find the clause to be unreasonable if: (1) its incorporation into the contract was the "result of fraud, undue influence, or overweening bargaining power;" (2) the selected forum is so inconvenient that "the complaining party will for all practical purposes be deprived of its day in court;" or (3) "enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 at 12–13, 15, 18 (1972) (internal quotation marks omitted).

### III.     Discussion and Analysis

#### A.     The forum-selection clause is mandatory

The clause at issue dictates that courts within Indiana have "exclusive jurisdiction" to decide disputes arising out of the sale of the RV. Doc. 11-3 at 6-7. This language indicates not that it is permissible for litigation to be initiated in Indiana, but that it is mandatory to do so. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).

#### B.     The forum-selection clause is not fundamentally unfair

The plaintiffs argue the forum-selection clause is fundamentally unfair because it is presented in the middle of a 30-page booklet.[1] (Doc. 16 at 6) They present no evidence to support this argument. The defendant presents evidence that the clause was found at the bottom of the second and top of the third page of the five-page Limited Warranty section contained in the owner's manual. (Doc. 11-3 at 2; 6-7) Neither plaintiff claims to have been unaware of the forum-selection clause and neither claims he/she did not read it before finalizing the purchase. On the other hand, neither plaintiff claims to have read *any* of the materials provided at the time of the purchase. Thus, whether the forum-selection clause was on page one or page eleven is irrelevant.[2]

---

[1] At the hearing, plaintiffs' counsel clarified neither plaintiff read any of the materials presented them and that the Limited Warranty was found at page 11 of the manual.

[2] Courts disfavor the argument that parties, who have failed to read a contract, are not be bound by its terms. *See, e.g., Reilly v. WM Fin. Servs. Inc.*, 95 F. App'x 851, 852 (9th Cir. 2004).

1    The fact that the clause was presented in a contract of adhesion is insufficient to demonstrate

2  that it is unreasonable. *See Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1029 (9th Cir. 2016). Even

3  still, the plaintiffs rely on *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) to support their

4  position. In *Carnival*, the Court upheld a forum-selection clause pre-printed in each passenger's cruise

5  ticket contract.³ *Id*. at 593-594. The Court rejected that the pre-printed nature of the clause was

6  determinative. *Id*. The Court observed,

> As an initial matter, we do not adopt the Court of Appeals' determination that a nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining. Including a reasonable forum clause in a form contract of this kind well may be permissible for several reasons: First, a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora. *See The Bremen*, 407 U.S., at 13, and n. 15, 92 S.Ct., at 1915, and n. 15; *Hodes*, 858 F.2d, at 913. Additionally, a clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions. *See Stewart Organization*, 487 U.S., at 33, 108 S.Ct., at 2246 (concurring opinion). Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued. Cf. *Northwestern Nat. Ins. Co. v. Donovan*, 916 F.2d 372, 378 (CA7 1990).

*Id*. at 593-594.

As in *Carnival*, it appears that the defendant's RVs are sold all over the country. (Doc. 11-4 at 1-2; Doc. 1 at 3) Also, because they are recreational vehicles, logically, they could travel throughout the country and outside of the country. Thus, there is a substantial likelihood that litigation-causing events will arise in many different fora. It is reasonable for the defendant to wish to expend its litigation resources in one forum, particularly where the RVs are manufactured and where Jayco is headquartered. (Doc. 1 at 2-3; Doc. 11-3 at 6, 7) In addition, despite the plaintiffs being residents of California, they purchased their RV in Iowa. Thus, it is reasonable to conclude they are able and

---

³ At the hearing, plaintiffs' counsel argued that *Carnival* demonstrates that if the forum selection clause is contained on the face of a ticket, for example, a plaintiff should be bound by it because it is easier to locate. However, this was not the holding of *Carnival.* Moreover, the forum selection clause, while it was found on page one of the contract pages, it was not found on the face of the ticket. Rather, the lower left-hand corner the face of the ticket read, "SUBJECT TO CONDITIONS OF CONTRACT ON LAST PAGES IMPORTANT! PLEASE READ CONTRACT-ON LAST PAGES 1, 2, 3." *Carnival*, at p. 587.

willing to travel and transfer to Indiana would not deprive them of their ability to litigate.

At the hearing, plaintiffs' counsel argued that transfer to Indiana will end the litigation due to the plaintiffs' inability to locate an attorney who is qualified to take the case or to take it at no cost to the plaintiffs.[4] The Court rejects the opinion of counsel about the ability to retain competent and affordable counsel in the Northern District of Indiana or that the judges there will be unable to appreciate whatever nuance the California law claims raise. First, there is no evidence to support these arguments. If there was a true concern that the plaintiffs could not obtain suitable counsel in Indiana, seemingly they would have made efforts to locate counsel and documented these efforts to the Court in the form of admissible evidence. Second, district judges routinely apply the laws of other states and other countries and are frequently called upon to consider laws with which they have had no prior experience. The Court is supremely confident that the judges in Indiana are as skilled as any in the federal system and applying California law will present no obstacle to a just result in this case.

### B.     Public policy does not require the motion to be denied

The Limited Warranty identifies Indiana as the proper forum for disputes arising out of the sale of the RV. (Doc. 11-3 at 6-7) It asserts also that the law to apply to the dispute is Indiana's. *Id*. However, the Limited Warranty does not preclude rights arising under the laws of other states. *Id*. It reads, "THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS. YOU MAY ALSO HAVE OTHER RIGHTS, WHICH VARY FROM STATE TO STATE AND PROVINCE TO PROVINCE."

---

[4] Without knowing the plaintiffs' financial situation, the Court cannot conclude that they cannot afford to contribute to the cost of litigation, especially given that, if successful, they could recover costs and possibly receive a fee award. The cost of the RV (Doc. 11-4 at 6) seems to indicate that they have some amount of disposal income available.

In any event, the plaintiffs' attorney asserted at the hearing that he consulted with another lawyer, Terry Baker who, counsel reported, is a member of the California and Indiana Bars. Mr. Baker told counsel that, based upon his experience in federal court in Indiana, it was likely that the plaintiffs' claims would not succeed in Indiana due to the Court's lack of understanding of California law and its public policy.

The Court has located only two cases in which Mr. Baker appeared (pro hac vice, not as a regular member) in the Northern District of Indiana and no cases in the Southern District of Indiana (Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993)). In the first case, *Harris v. Ford Motor Company et al.,* case number 3:00-cv-00421, the matter was removed from Ohio state court to the Ohio district court and then transferred to the Northern District of Indiana. Consequently, the court in *Harris* had no occasion to consider California law.

In the second case, *Hanna v. Newmar Corp.*, case number 2:16-cv-03434, the plaintiffs purchased an RV online while living in California, picked it up from a dealership in Texas and then registered it in Arizona. After the case was transferred to the Northern District of Indiana based upon a forum-selection clause, the plaintiffs successfully convinced the court to apply California and Texas law to the various claims, rather than Indiana law as the defendants urged. *Hanna* did not raise claims under the UCL or the CLRA. Thus, the basis upon which Mr. Baker relies for his opinion that the Indiana Court will not properly analyze the plaintiffs' rights under the CLRA, is unclear.

5

*Id*. Thus, though the Limited Warranty indicates that the dispute will be decided according to the laws of Indiana, it does not appear to preclude enforcement of additional rights provided by the State of California.[5]

In *Doe 1 v. AOL LLC*, 552 F.3d 1077 (9th Cir. 2009), the Ninth Circuit evaluated the selection clause that designated Virginia as the proper forum. As here, in *Doe I*, the California plaintiff asserted that enforcing the clause would violate strong public policy as set forth in the CLRA. *Id*. at 1083-1084. The Court determined that "public policy is violated by forcing . . . plaintiffs to waive their . . . remedies under California consumer law." *Id*. at 1084.

The defendant recognizes the strong public policy as evidenced by the CLRA and stipulates that the plaintiffs may pursue their CLRA claim in Indiana, despite that Indiana has no similar protection for consumers. The only condition on this stipulation is that the defendant must be unable to convince the court that the CLRA should not apply, due to the factual circumstances of this case (Doc. 11-1 at 8). This is the same hurdle the plaintiffs will face if the case remains here.

Courts have enforced similar forum-selection clauses where transfer of venue has not been shown to impact rights under the CLRA. In *Mazzola v. Roomster Corp.*, 2010 WL 4916610, at *3 (C.D. Cal. Nov. 30, 2010), for example, the court transferred the venue because the plaintiff was free to pursue his claim in federal court and, in doing so, argue that California law should apply. Other courts have held similarly. *Swenson v. T-Mobile USA, Inc.*, 415 F.Supp.2d 1101 (S.D.Cal.2006); *Besag v. Customer Decorators, Inc.*, 2009 WL 330934 * 14 (N.D.Cal. Feb.10, 2009); *Gamayo v. Match.com LLC*, 2011 WL 3739542, *6 (N.D. Cal. Aug. 24, 2011.

It is established through the defendant's stipulation, that the plaintiff may pursue the CLRA remedies just as they could in this Court. Therefore, because the public policy will not be thwarted, the Court finds the plaintiffs have failed to meet their burden of establishing that enforcing the clause is unreasonable.

///

---

[5] At the hearing, defense counsel stated that the defendant would agree that the case may proceed on the California law claims, to the extent that any such claim is viable based upon the specific facts of this case, e.g., the California residents used an online service to purchase the RV in Iowa and brought it back to California.

Accordingly, the Court **ORDERS**[6]**:**

1. The defendant's motion for a change of venue (Doc. 24) is **GRANTED**;
2. The matter is **TRANSFERRED** to the Northern District of Indiana.

IT IS SO ORDERED.

Dated:   **November 2, 2018**           /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE

---

[6] "Because an order transferring venue pursuant to 28 U.S.C. § 1404(a) does not address the merits of the case, it is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *Corrinet v. Burke*, 2012 WL 1952658, at *6 (D.Or. Apr. 30, 2012); *Shenker v. Murasky,* 95 CV 4739(NG)(RML), 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996) ("An order issued by a magistrate judge transferring venue under 28 U.S.C. § 1404(a) is non-dispositive." ); *Holmes v. TV–3, Inc.*, 141 F.R.D. 697, 697 (W.D.La.1991) ("Since [a motion to transfer venue] is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court.")." *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013)