# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN H. SCOTT, et al., | Case No.: 1:19-cv-00315 - JLT |
| Plaintiffs, | ORDER RE: PLAINTIFF'S MOTION FOR ORDER ESTABLISHING THE CONTROLLING LAW |
| v. | (Doc. 49) |
| JAYCO INC., | |
| Defendant. | |

    Kevin and Jacqie Scott, residents of California, purchased a new RV in the state of Iowa. Following the purchase, the plaintiffs discovered the RV suffered from various defects and sought repairs covered by the warranty from the manufacturer, Jayco, Inc. Plaintiffs seek to hold Jacyco liable under both state and federal law, including California's Unfair Competition Act, California Consumer Legal Remedies Act, and the Magnuson-Moss Warranty Act.

    The parties disagree whether Iowa or California remedies apply under the Magnuson-Moss Warranty Act. Plaintiffs seek an order from the Court to establish the remedy applicable to this cause of action. (Doc. 49) For the reasons set forth below, the Court finds the remedies provided by California law control and finds the relevant California law remedy is that provided by the California Commercial Code.

**I.    Background**

    In December 2016, Plaintiffs purchased a new 2017 Jayco Seneca RV from a dealership in Des

Moines, Iowa. (Doc. 49-2 at 2, ¶ 3) At the time of the purchase, Plaintiffs were residents of the state of California and traveled to Iowa to complete the purchase. (*Id.* at 2, ¶ 7) Plaintiffs then drove the RV "directly to California." (*Id.*, ¶ 8)

Plaintiffs assert that following the purchase, they discovered the RV had "extensive and ongoing problems." (Doc. 1 at 5, ¶ 22) Mr. Scott reports the plaintiffs "delivered the RV to authorized Jayco service facilities in California," and the "RV has been subject to numerous repairs and has been out of service for a lengthy period of time – all in California." (Doc. 49-2 at 2, ¶¶ 9-10) (emphasis omitted) According to Plaintiffs, Jayco "had multiple repair attempts… and has refused and or failed to remedy, fix or remediate the serious issues." (Doc. 1 at 12, ¶ 24) Plaintiffs maintain that it is clear Jayco "is unable to fix, remedy and or repair the RV to conform to the warranty." (*Id.* at 13, ¶ 26)

On June 22, 2018, Plaintiffs initiated this action by filing a complaint against Jayco. (Doc. 1) Plaintiffs asserted Jayco was liable for the following causes of action: (1) breach of an express warranty in violation of California's Song-Beverly Consumer Warranty Act; (2) breach of an implied warranty in violation of the Song-Beverly Consumer Warranty Act; (3) unfair competition in violation of Cal. Bus. & Prof. Code § 17200; (4) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750; and (5) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301. (*See* Doc. 1 at 1, 13-20) In their prayer, the plaintiffs specifically limited the request for civil penalties to "each violation of the Song-Beverly Act . . ." *Id*. at 20.

Jayco filed its answer on July 30, 2018 and denied the allegations of the complaint. (*See generally* Doc. 5) On September 24, 2018, the parties stipulated to the dismissal of Plaintiffs' first and second causes of action for violations of the Song-Beverly Consumer Warranty Act. (Doc. 10 at 2) Thus, only the third, fourth, and fifth causes of action remain.

On January 24, 2020, Plaintiffs filed the motion now pending before the Court, seeking an order identifying the controlling law for the remedies available under the fifth cause of action, the Magnuson-Moss Warranty Act. (Doc. 49) Plaintiffs assert the Court should find California law applies to the claim. (*Id.*) Jayco asserts Iowa law governs the claim, and filed its opposition to the motion on February 7, 2020. (Doc. 50) Plaintiffs filed their brief in reply on February 13, 2020. (Doc. 51)
///

## II. The Magnuson-Moss Warranty Act

The Magnuson-Moss Warranty Act "governs warranties for consumer products distributed in interstate commerce." *Orichian v. BMW of N. Am., LLC*, 226 Cal. App. 4th 1322, 1330 (2014). The Act provides a private right of action in federal court for consumers damaged by a warrantor's failure to comply with the terms of a warranty, whether full or limited. 15 U.S.C. § 2310(d)(1); *see also Milicevic v. Fletcher Jones Imps., Ltd.*, 402 F.3d 912, 918 (9th Cir. 2005) ("it is clear from the statutory language that [Magnuson-Moss] creates a private cause of action for a warrantor's failure to comply with the terms of a written warranty… whether the written warranty is full or limited makes no difference.") However, the Act distinguishes between the remedies available for full and limited warranties. *See* 15 U.S.C. § 2303(a).

The Act imposes minimum federal warranty standards for an express full warranty and provides a detailed list of remedies for breach of such a warranty. 15 U. S. C. § 2304(a). The Act is "virtually silent as to the amount and type of damages which may be awarded for breach of an express limited warranty." *MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir. 1979). Thus, the Court must look to state law for remedies available for the breach of a limited warranty. *See Gusse v. Damon Corp.,* 470 F. Supp. 2d 1110, 1116-17 (C.D. Cal. 2007) (explaining there is a cause of action for breach of an express limited warranty, but the federal remedies in Magnuson-Moss apply only to full warranties, and state law determines the remedies for breach of a limited warranty).

## III. Discussion and Analysis

### A. Choice of law rules

The plaintiffs assert that *Chuidian v. Phillipine National Bank*, 976 F.2d 561, 564 (9th Cir. 1992) requires the Court to employ the test outlined by the *Restatement 2d of Conflict of Laws* because the MMWA raises the Court's original jurisdiction. In doing so, Plaintiffs ignore that their complaint alleges that the Court's jurisdiction arises under 28 USC § 1332 (Doc. 1 at 2)—the diversity statute—and that the holding of the *Chuidian* case seems to be limited to international banking cases. Indeed, the Court has found no court which has relied upon it when selecting choice-of-law rules under the

MMWA. Nevertheless, the law is clear that when the Court has original jurisdiction[1], it is to rely upon the federal common law.

The court would be remiss, however, to ignore the multitude of cases arising under the MMWA, which find that the state law where the court sits be used to determine choice of law.[2] *Gilbert v. Monaco Coach Corp.,* 352 F.Supp.2d 1323, 1329 (N.D. Ga. 2004) (Finding the law of Georgia should be applied to determine the choice of law. Finding also that the law of Arizona applied to the MMWA cause of action where the contract was negotiated in Arizona and the RV delivered there no matter that the plaintiffs lived Georgia and had the repairs made there); *In re Rust-Oleum Restore Mktg., Sales Practices & Prod. Liab. Litig.*, 155 F.Supp.3d 772, 786 (N.D. Ill. 2016) (Finding choice of law rule of Illinois apply to MMWA claims.); *David v. Am. Suzuki Motor Corp.*, 629 F.Supp.2d 1309, 1315 (S.D. Fla. 2009) (In a diversity/MMWA case, holding that the choice-of-law rule of Florida applied, because that is where the court was located); *Andersen v. Thor Motor Coach, Inc.*, 402 F.Supp.3d 467, 482 (N.D. Ind. 2019) (Applying the choice-of-law provisions of the forum state based upon the agreement of the parties). These courts implicitly take the position that the MMWA doesn't confer original jurisdiction, though why this is the case, is not explained.

### 1. Factors under the *Restatement 2d of Conflict of Laws*

The defense questions the application of the Restatement 2d but offers no analysis of which test to use. Plaintiffs contend that "the Court must use a standard 'choice of law' analysis as outlined in the *Restatement 2d of Contracts*"[3] to determine which state's law is the appropriate remedy for their Magnuson-Moss claim. (Doc. 49-1 at 3-4) While seeming to disagree that the Restatement applies, the defense does not offer an alternative test. Instead, Jayco argues that the *Restatement 2d of Conflict of Laws*, Chapter 8 *Contracts*, supports a conclusion that Iowa law should apply to this matter. (Doc.

---

[1] *De Shazer v. Nat'l RV Holdings, Inc*., 391 F. Supp. 2d 791, 794 (D. Ariz. 2005) (""The use of federal common law in specialized areas where jurisdiction is not based on diversity has been sanctioned by the Supreme Court since the day *Erie* was decided...." *Corporacion Venezolana de Fomento v. Vintero Sales Corp*., 629 F.2d 786, 795 (2d Cir.1980) (resorting to federal common law choice-of-law rules in a federal question case), cert. denied, 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981)." *Harris v. Polskie Linie Lotnicze*, 820 F.2d 1000, 1003 (9th Cir. 1987).)"

[2] Though the analysis is different, in *Galicia v. Country Coach, Inc.*, 2006 WL 8443062, at *6 (C.D. Cal. Nov. 21, 2006), aff'd, 622 F. App'x 696 (9th Cir. 2015), the court concluded that California's choice-of-law rules apply. Without any discussion, the court applied the "governmental interest analysis" rather than that supplied by California's Civil Code.

[3] The Court understands this is an error and that Plaintiffs mean to refer to the *Restatement 2d of Conflict of Laws*.

4

50 at 5-6) Relevant here is § 191, which reads,

> The validity of a contract for the sale of an interest in a chattel and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the local law of the state where under the terms of the contract the seller is to deliver the chattel unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

Section 188 provides guidance to the Court when determining the significance of the relationships by the pertinent states. This section reads,

> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties . . .
> (2) In the absence of an effective choice of law by the parties . . ., the contracts to be taken into account . . . include:
> (a) the place of contracting,
> (b) the place of negotiation of the contract,
> (c) the place of performance,
> (d) the location of the subject matter of the contract, and
> (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.
> (3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in §§ 189-199 and 203."

Plaintiffs argue the *Restatement* factors favor the application of California remedies because "Plaintiffs negotiated the purchase/warranty of the RV through email and internet communications while they were in California" and "wired the payment funds to purchase the RV from their bank in California." (Doc. 49-1 at 3) Plaintiffs also contend the place of performance is California, "[b]ecause all warranty repairs were made in California" and "performance of warrant obligations occurred in California." (*Id.* at 4) Further, Plaintiffs contend the location of the subject matter of the contract is California because "[t]he RV has lived in California since the plaintiffs purchased it and drove it home from Iowa." (*Id.*) Finally, Plaintiffs contend the residence of the parties favors California because "Plaintiffs live in California" and "Jayco is required to and is registered to do business in California." (*Id.*)

Jayco argues that Plaintiffs' analysis is "incomplete and unavailing" because "the Contract in question was executed and performed in Iowa." (Doc. 50 at 5) (emphasis omitted) Jayco asserts that Sections 188 and 191 of the *Restatement* "clearly point to Iowa for purposes of choice of law in this

5

matter," because the sale and delivery of the RV were completed in Des Moines, Iowa. (*Id.* at 6) Further, Jayco contends:

> Plaintiffs are incorrect in claiming that all factors argue for California law application. As admitted by Plaintiffs and confirmed by the selling dealership - (1) the place of contract was Des Moines, Iowa; (2) negotiation of the contract occurred in Iowa and California (accepting Plaintiffs' claims by declaration); (3) performance/delivery on the contract was in Des Moines, Iowa; (4) admittedly, the motor home is currently in California; and (5) the residence/place of Incorporation of the parties is Iowa, California, and Indiana.

(*Id.*)

In reply, Plaintiffs contend Jayco "is conflating two contracts – (1) plaintiffs' purchase contract with a seller in Iowa; and (2) defendant's written warranty." (Doc. 51 at 1) Plaintiffs maintain their purchase to contract made with the dealer in Iowa is not the relevant contract. (*Id.*) According to Plaintiffs, "Jayco is not a party to the contract involving plaintiffs' purchase of the product from a dealer in Iowa so the place and terms of plaintiffs' purchase of the subject matter of this action are irrelevant because plaintiffs have brought no claims against the seller." (*Id.*) Plaintiffs assert their claim has "nothing to do with the terms of the purchase – it is all about defendant's breach of its warranty, which occurred in California."[4] (*Id.* at 1-2)

Paragragh 19 of Plaintiffs' complaint reads, "The RV was sold [sic] JAYCO's 2 year bumper to hitch warranty to be free from defects in materials and workmanship. Defendant JAYCO, by way of their warranties, promised Plaintiffs to make or provide repairs that were free of charges during the warranty period." (Doc. 1 at 4) The complaint continues at paragraph 22, "From the time of the purchase of the RV to the present, the RV has suffered extensive and ongoing problems . . ." *Id*. at 5. Plaintiffs allege also, "Plaintiff has suffered through ongoing and reoccurring problems with fit and finish, and a myriad of mechanical issues in their Seneca," and they conclude, "Defendant JAYCO has had multiple repair attempts on the RV, through its Dealer, and has refused and or failed to remedy, fix or remediate the serious issues." (Doc. 1 at 12)

Plaintiffs offer no evidence that they considered the terms of the limited warranty when

---

[4] At the hearing, Plaintiffs counsel admitted he had had located no authority for the proposition that the sale of the goods—rather than the accompanying warranty—should not be considered or that there was any case he found where the Court considered the sale of the warranty, rather than the underlying warranty.

6

deciding to buy the RV, that they negotiated the terms of the limited warranty separately from the sales contract for the RV or that the events that created the "warranty contract" occurred anywhere or at any time other than during their December 30, 2016 visit to Iowa. Thus, the suggestion that they "purchased" the limited warranty—rather than the RV—is unsupported and, ultimately, the argument fails to advance the analysis. Rather, they purchased the RV and the limited warranty came with it. *See, e.g., De Shazer v. Nat'l RV Holdings, Inc.*, 391 F.Supp.2d 791, 794-795 (D. Az. 2005) (considering where the contract for a sale of an RV "was negotiated and executed" as a factor under the *Restatement* to determine which state remedies applied under Magnuson-Moss). In the context of a motor vehicle sale, "although a warranty is not always a contract per se, it is inextricably linked to contract rights and interpretation, and is properly subject to contractual choice of law rules." *Freas* at 1132 n. 4.

Because the Court concludes that the contract at issue is the RV sales contract and delivery of the RV occurred in Iowa, that state's laws would apply *unless* California "has a more significant relationship to the transaction and the parties." *See Restatement (Second) of Conflict of Laws*, § 191. The Court concludes, as the defense does, that the first and second factors favor Iowa for the reasons already stated. The Court agrees also that the fourth factor favors California. The RV has resided in California since the purchase. The fifth factor favors neither state. The determinative factor, in the Court's view is the third factor.

The defense argues that the contract was performed in Iowa, because that is where the vehicle was delivered. However, it would be an overly myopic view to suggest that the contract's obligation was only for delivery of the vehicle—though that was a key part of the seller's obligation. In addition, however, the sales contract, through the limited warranty, required Jayco to repair the vehicle for a period of two years. The complaint details that it has been under repair for 113 days in the second six months after Plaintiffs took delivery of it[5]. (Doc 1 at 5-12) Three or four of these service requests involved the same issue more than once. *Id.* Because this case involves questions of whether Jayco performed properly under the terms of the limited warranty, the Court concludes that the third factor

---

[5] This litigation was filed about six months after the last repair (Doc. 1).

7

favors California.

The Court must now determine the relative weights to assign each factor. Plaintiffs offer no analysis why their decision to give up the remedies provided to consumers in California as to goods sold in this state, should not mean that the first two factors should not be entitled to the gravity anticipated by the *Restatement 2d*. Rather they argue only that the third factor is overwhelmingly weighty and observe that in *Hanna v. Newmar Corporation*, which involved a vehicle purchased in Texas by California residents, the court concluded California law applied by finding "the location of the subject matter of the claim is the most important Restatement factor." (*Id.* at 2, citing *Hanna*, Case No. 3:16cv00674 (N.D. Ind. 2018)). Though the Court appreciates that *Hanna* issued this finding, the Court is not bound by this decision and, instead, finds that the weight to be given the factors depends upon the facts and circumstances of the specific case.

Other than asserting that the Court should not be guided by the *Restatement 2d*, the defense offers no analysis why the fact that the RV has been kept in California and all of the repairs made here should not be considered weightier when determining the relative connections to California or Iowa. Because the Court finds that the essence of this case is whether Jayco has performed under the limited warranty and these efforts occurred in California, that the third and fourth factors outweigh the first and second. Thus, the Court concludes that the law of California applies.

**B.     Whether damages from the Song-Beverly Act are foreclosed**

Jayco argues the remedies of the Song-Beverly Act are not available because "Plaintiffs have already admitted…that the sale of the subject motor home was not completed in California and not covered by the Song-Beverly Act." (Doc. 50 at 4) Jayco observes: "[I]n *Cummins, Inc. v. Superior Court* (2005) 36 Cal.4th 478, the California Supreme Court has clearly established that the Song-Beverly Consumer Warranty Act only applies to consumer goods actually purchased or leased in California." (*Id.*) Thus, because Plaintiffs acknowledge the sale was not made in California and is not subject to the protections of the Song-Beverly Act, Jayco maintains the remedies under the Act are not available in the action. (*Id.* at 4-5)

Plaintiffs cite *Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237, 1241 (C.D. Cal. 2015), for the proposition that the Song-Beverly Act remedies apply to the MMWA claims. In *Romo*, the plaintiff

purchased a used vehicle and the defendant argued damages under the Song-Beverly Act could not be recovered under Romo's Magnuson-Moss Act claim "because the Song-Beverly Act does not cover used vehicles." *Id.* The court rejected this argument, finding no support for the assertion that the Magnuson-Moss Act required adoption of the protections of Song-Beverly Act before the damages were available. *Id.* The Court observed:

> [S]uch an approach seems logically improbable as well, given that the reason courts have looked to state law for guidance on remedies under the Magnuson-Moss Act is because Congress chose not to include remedial provisions in the Act. By contrast, Congress did provide for a substantive right of action in the provisions of the Act, and it would frustrate congressional purpose to circumscribe the scope of that protection because state law is less expansive.

*Id.* Thus, the court concluded that even in cases where the plaintiff would not be able to establish a claim under the Song-Beverly Act, damages from the Song-Beverly Act were applied to the plaintiff's Magnuson-Moss Act claim. *See id.*

The Court rejects *Romo* as controlling here. First, the *Romo* court was required to determine whether the complaint, as alleged, would give rise to the amount necessary to convey federal court jurisdiction under the MMWA, *Romo*, at 1239, rather than attempting to determine which of the states' law applied.

Second, though the *Romo* court acknowledged the obligation to apply the "relevant" state law remedies, it failed to evaluate whether the Song-Beverly Act was the relevant state law despite the California Legislature's decision to specifically limit these remedies to sales of new goods. It did not, for example, consider whether the relevant state law should be the California Commercial Code.

Notably, the MMWA "requires disclosures in connection with written warranties, regulates the substantive content of warranties, and establishes a federal cause of action for breach of a written or an implied warranty . . ." *Orichian v. BMW of North America, LLC*, 226 Cal.App.4th 1322, 1330 (2014). It "does not substitute federal law for state law of consumer product warranties, but instead supplements state law." *Id*. "Magnuson–Moss 'calls for the application of state written and implied warranty law, not the creation of additional federal law,'. . ." *Id*. at 1331. Likewise, the MMWA does not make applicable state law that would not otherwise apply.

In *Orichian*, the plaintiff sued the manufacturer for violations of the Song Beverly Act, the

9

MMWA and various other state claim violations in connection with his purchase of a BMW from BMW dealership. *Id*. at 1326. The owner experienced many problems with the car and sought repairs under the warranty from the dealership. *Id*. at 1326-1327. At trial, the court refused to instruct the jury related to the MMWA claim, finding that it was "supplanted" by state law. The Court of Appeal reversed, finding that the remedies provided by California's Commercial Code §§ 2714 and 2715 for breaches of the written warranty, were available to the plaintiff under the MMWA[6] claim notwithstanding that there were remedies provided also under the Song-Beverly Act claim. *Orichian* at 1331.

The Court is unconvinced that merely because the Song-Beverly Act provides weightier remedies for goods sold in California than those provided by the Commercial Code, that this should mean that the Song-Beverly Act remedies should apply.[7] This is even less convincing here where there was a deliberate choice to purchase the RV out-of-state and, in doing so, avoiding the protections of the Song-Beverly Act and the additional elements of proof.[8] Along these lines, in *Dagher v. Ford Motor Co.*, 238 Cal.App.4th 905, 928-929 (2015), the court concluded that because the plaintiff could not proceed directly on a Song-Beverly Act claim—because he bought his vehicle used from a private seller—he could not seek the remedies provided by the Act for his claim under the WWMA. Rather the remedy, if any, was limited to California's Commercial Code. *Id*. at 929. The Court agrees. *Tuscany Investments LLC v. Daimler Trucks North America*, 2015 2015 WL 4941699, at *3 (N.D. Cal. Aug. 19, 2015).

The remedies provided by the commercial codes in Iowa (Iowa Code Ann. § 554.2714) and by California's Commercial Code (§§ 2714, 2715) are the same. Under each, the injured party is entitled to recover the difference between the value of the goods delivered and the value if they had been as

---

[6] The plaintiff specifically sought the remedies under the Commercial Code as to the MMWA violations.
[7] If Plaintiffs and the Romo court are correct, that the Song-Beverly Act remedies apply despite that the RV was purchased in Iowa, this would render as a nullity the limitation imposed by California legislators intending that the Song-Beverly Act apply only to new goods sold in this state.
[8] "The essential elements of a cause of action under the California Uniform Commercial Code for breach of an express warranty to repair defects are (1) an express warranty (Com.Code, § 2313) to repair defects given in connection with the sale of goods; (2) the existence of a defect covered by the warranty; (3) the buyer's notice to the seller of such a *1334 defect within a reasonable time after its discovery (id., § 2607, subd. (3)(A)); (4) the seller's failure to repair the defect in compliance with the warranty; and (5) resulting damages . . ." *Orichian* at 1333-1334.

10

warranted along with incidental and consequential damages.

## IV. Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiffs' motion to establish the controlling law is **GRANTED in PART** and **DENIED in PART** as follows:

    a. California state law will control the remedies available for Plaintiff's fifth cause of action under the Magnuson-Moss Act, but the remedies at issue are those provided by California's Commercial Code and not those provided by the Song-Beverly Act.

IT IS SO ORDERED.

Dated: **March 10, 2020**　　　　　　　　　**/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE